**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PEACE RIVER CHARTERS, LLC,
        Plaintiff,

v.                                                                    2:26-cv-644-SPC-NPM
                                                                      IN ADMIRALTY

UNKNOWN CLAIMANTS,
        Defendants.

_____

**ORDER APPROVING LETTER OF UNDERTAKING**
**AND DIRECTING NOTICE**

Plaintiff [1] Peace River Charters, LLC, as the owner of a 2006 20'

Diamondback vessel, Hull ID# DKP12118A606 (the "vessel"), and with respect

to any claims against it or its property arising from or related to a January 6, 2026

incident in Florida territorial waters in or near the Peace River or Lettuce Lake in

or near Arcadia, Florida, has provided a letter of undertaking as interim security

for the benefit of claimants. (Doc. 3). Upon approval of the security, Plaintiff

requests an order approving notice to all potential claimants and directing them to

file their claims and any answers to the complaint in this action by a date certain.

Plaintiff also requests an injunction that enjoins the further prosecution of any

action or proceeding against it or its property with respect to any claim subject to

---

[1] A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Supplemental Rule F. In orders, notices, pleadings, and other papers in this action, Peace River Charters, LLC, should therefore be referred to as Plaintiff rather than Petitioner.

limitation in this action. Plaintiff's motion (Doc. 4) is **GRANTED IN PART**.

As security for the benefit of claimants, Plaintiff has deposited with the court a letter of undertaking by Chubb, as surety, in the amount of $15,000, inclusive of interest and costs, as required by the rules of this court and by the law. (Doc. 3-2). The letter of undertaking is accepted as interim security for the benefit of claimants. Plaintiff and any claimant who becomes a party to this action may contest the value of the Plaintiff's interest in the vessel or the interim security according to applicable law. If the amount in the letter of undertaking is not contested by any claimant herein, said amount shall stand as a stipulation for value and an appraisal will not be required.

Because the letter of undertaking constitutes approved security, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). If, despite this automatic stay provided by statute, any claimant continues to prosecute any other action or proceeding against Plaintiff or its property with respect to any claim subject to limitation in this action, then Plaintiff may apply for, and the court must grant, an injunction enjoining further prosecution. *See* Supplemental Rule F(3).

By **May 15, 2026**, all persons or entities claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly as a result of the occurrences and happenings recited in the complaint must file their respective

- 2 -

claims with the clerk of this court and serve on or mail to Plaintiff's counsel copies thereof. By the same date, all persons or entities presenting claims and desiring to contest the allegations of the complaint must file an answer to the complaint in this court and must serve on or mail to Plaintiff's counsel copies thereof or be defaulted. The **clerk** is directed to issue the attached notice.

By **June 12, 2026**, Plaintiff must certify compliance with the notice provisions of Supplemental Rule F(4), which must include notice by publication in a newspaper of general circulation in DeSoto County. By **June 15, 2026**, Plaintiff must certify compliance with the provisions of Supplemental Rule F(6).

**ORDERED** on March 20, 2026

_____
NICHOLAS P. MIZELL
United States Magistrate Judge